61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kelly Michael JEROME, Appellant.
 No. 94-1039.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1995.
Filed: July 24, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kelly Michael Jerome appeals the district court's[1] denial of his 18 U.S.C. Sec. 3582(c)(2) motion to reduce his sentence. We affirm.
 
 
 2
 Jerome pleaded guilty to conspiring to distribute 2.46 grams of LSD, in violation of 21 U.S.C. Sec. 846. The weight of 2.46 grams was obtained by adding the actual weight of the 440 dosage units of LSD to the weight of its blotter paper carrier medium, as required by Chapman v. United States, 500 U.S. 453, 468 (1991). Jerome's Guidelines range was 51 to 63 months, and he received a statutory mandatory minimum sentence of 60 months' imprisonment and four years' supervised release.
 
 
 3
 On November 10, 1993, Jerome filed a motion to reduce his sentence based on the November 1993 Guidelines amendment set forth in the notes following the Drug Quantity Table at U.S.S.G. Sec. 2D1.1(c), comment. (backg'd.), which changed the method for measuring LSD for Guidelines purposes. Under the new method, Jerome's base offense level would have been reduced from 26 to 16. His Guidelines range (excluding any further offense level reductions) would have been 21 to 27 months.
 
 
 4
 The district court denied Jerome's motion, concluding that the retroactive Guidelines amendment was of no help to him because he was subject to a statutory mandatory minimum. The court determined that, particularly in light of the background commentary, the amended Guidelines method did not override the method of calculating LSD weight (i.e., including the full weight of the carrier medium) for statutory penalty purposes.
 
 
 5
 Jerome timely appeals and renews the challenge he made below. We have very recently concluded that, under the commentary to the amended guideline, "where the per dose approach conflicts with the mandatory minimum sentence approach, the mandatory minimum approach prevails." United States v. Stoneking, No. 94-1236, slip op. at 6 (8th Cir. July 3, 1995) (en banc) (finding that Sentencing Commission cannot establish new mandatory minimum sentences by amending guidelines and that dual weight method does not violate due process because it is rational basis for punishment).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul Benson, Senior United States District Court Judge for the District of North Dakota